```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                              v.                      **Hon. Hugh B. Scott**

                                            05CR344A

RICHARD A. MUTO,                            **Order**

                              Defendant.

Before this Court is defendant's motion for reconsideration (Docket No. 118) of the Report & Recommendation (Docket No. 111) rendered by this Court. The Government promptly responded on August 11, 2009 (Docket No. 119), and the motion was deemed submitted as of the date of the filing of the Government's response. Familiarity with this Report (as well as prior proceedings in this case) is presumed. Defendant moved for an extension of time to file objections to this Report while awaiting reconsideration here (Docket No. 112), which was granted (Docket Nos. 113, 120 (resetting due date for objections to the Report & Recommendation until after this motion has been decided)), and defendant also moved for additional time to make this motion for reconsideration (Docket No. 114), which was also granted (Docket No. 114). The Government's motion to exclude the period of time after the Report was issued and while this reconsideration was pending (Docket No. 117) also was granted (Docket No. 116).

BACKGROUND

Defendant points to factual misstatements regarding the rights administered to him by tax agent Candace Kowal and Justice Department Tax Division attorney Thomas Flynn (Docket No. 118, Def. Memo. at second unnumbered page; cf. Docket No. 111, Report & Rec. at 3-4). First, defendant notes that Kowal did not say at the pages cited in the April 2008 transcript that defendant was advised of his right to counsel (cf. Docket No. 84, Apr. Tr. at 73-75, 76) and defendant refutes the finding that he was advised of his right to have counsel present during the prison interview (cf. id. Apr. Tr. at 73-75, 76,; Docket No. 85, May Tr. at 14-15, 18-20). Defendant denies that he was advised of "non-custodial rights" from an IRS form during his August 2005 prison interview (cf. Docket No. 84, Apr. Tr. at 93-94), despite the Report's contrary finding. He contends that Kowal was referring to non-custodial rights advised to defendant during the 2000 search of his home and not from the prison interview (but cf. id. Apr. Tr. at 102-03 (discussing issue of ability of defendant to afford counsel during 2005 interview)). Kowal also testified that she had not given either custodial or non-custodial rights to defendant during the 2005 prison interview (id. Apr. Tr. at 103-04 (discussing how defendant could obtain appointed counsel in this district to represent him if he could not afford counsel)). (Docket No. 118, Def. Memo. at second to third unnumbered pages.)

The Government conceded some of these factual misstatements (whether Kowal advised defendant of custodial or non-custodial rights) but argue that the ultimate result would not change with corrections (Docket No. 119, Gov't Response at 3-5, 7-9). As for being advised of the right to counsel during the interview, however, the Government disagrees with defendant's objection and finds that the record shows that defendant "was repeatedly advised that he did not

2

have to speak with the Government without an attorney present," (Docket No. 119, Gov't Response at 7, 7-8, 8-9, quoting Docket No. 85, May Tr. at 19-20 (Flynn), Docket No. 84, Apr. Tr. at 73-75 (Kowal)).

In the second objection, defendant repeats his argument that <u>Mathis v. United States</u>, 391 U.S. 1 (1968), requires suppression of his statements because he was not advised of his rights prior to the questioning in the correctional facility, hence the Report's contrary recommendation should be reconsidered (Docket No. 118, Def. Memo. at third to fourth unnumbered pages). While noting various factors that should be considered to determine whether he was in custodial interrogation, defendant states that, while he was free to refuse the visit "this was of no consequence as he was not able to know in advance who was awaiting him in the visiting room," (<u>id.</u>).

The Government responds that defendant's objections based on <u>Mathis</u> have been repeatedly argued and rejected and do not warrant reconsideration (Docket No. 119, Gov't Response at 9-11).

DISCUSSION

I.    First Objection–Factual Misstatements About Warnings Issued

This Court has reconsidered the factual statements objected to by defendant and the one statement the Government agrees is inaccurate. Defendant is correct in noting that Kowal testified that she never advised defendant of his rights, either custodial or non-custodial, during the August 2005 prison interview. Defendant's motion to reconsider on this issue is **granted** and the Report & Recommendation **will be amended** to reflect this correction.

One portion of Kowal's testimony involved a March 2000 interview with defendant (Docket No. 84, Apr. Tr. at 73-74). She later testified that defendant was asked during the August 2005 prison interview whether defendant had an attorney and he answered that the did not and that Kowal was not sure if a civil attorney represented defendant in his pending civil matters (id. at 74-75). The agents asked about the status of defendant's representation. Kowal then was asked

> "Q. To what extent was he advised that he could obtain an attorney before making any statements?
> A. He was told again at the outset if he would prefer to speak with an attorney before talking with us, that he had that right.
> Q. And what did he say to that?
> A. He said I want to talk to you. I want to cooperate."

(Id. at 75). Thus, as to this requested modification, defendant's motion is **denied**.

But, as the Government concludes, even with the modification to the Report regarding the fact that defendant was not formally advised of his rights does not change the recommendation that his statements should not be suppressed. This correction does not change the analysis of the ultimate issue in defendant's underlying motion–whether defendant was undergoing custodial interrogation when he rendered his statements to Kowal and Flynn and later executing the Tolling Agreement.

II.     Second Objection–Reliance on Mathis

Defendant's objection here is the legal issue of whether compulsion beyond that inherent with incarceration is required under Miranda in order to necessitate advising the incarcerated subject of his rights, essentially the validity of a literal reading of Mathis.

Defendant's motion on this objection has been considered and reconsideration here is **not warranted**. Added coercion beyond his incarceration would arise here if defendant, seeing who his visitors were, turned around and attempted to leave but was detained by either these agents or corrections officers and compelled to stay for the interview. No such added compulsion existed here. Defendant's motion on this ground is **denied**; his recourse is an objection to the Amended Report & Recommendation (which will contain the same analysis on Miranda and Mathis as the original Report) to the District Court.

CONCLUSION

For the reasons stated above, defendant's motion for reconsideration (Docket No. 118) of this Court's Report & Recommendation (Docket No. 111) is **granted in part** to modify the factual findings of the Report as to whether defendant was advised of his rights (either custodial or non-custodial), and **denied in part** regarding defendant's motions regarding reconsideration of whether he was advised of his right to the presence of counsel during his interview or the Court's recommended consideration of Mathis. This Court will reissue an Amended Report & Recommendation consistent with this Order and the parties' time to object to the Amended Report will be set in that Report.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 4, 2009